TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (Cal. Bar No. 155505)
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535/3505
    Facsimile: (714) 338-3708/3561
    E-mail:   greg.staples@usdoj.gov
               benjamin.lichtman@usdoj.gov
               bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 16-00076-JVS |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT GLEN KATAYAMA; MOTION FOR DOWNWARD DEPARTURE</u> |
| v. | |
| CYNTHIA WEEKES, | Date: January 24, 2022<br>Time: 9:30 a.m. |
| Defendant. | |

    The government submits its sentencing position and motion for downward departure for defendant Glen Katayama.

Dated: January 10, 2022        /s/
                                        GREGORY W. STAPLES
                                        BENJAMIN D. LICHTMAN
                                        BRADLEY E. MARRETT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**I. INTRODUCTION**

The government has no objections to the factual findings in the PSR. For the reasons discussed below, the government recommends a sentence of time-served, 200 hours of community service, and a two-year term of supervised release with the terms and conditions recommended by the USPO. The government believes restitution is impractical in this case and therefore does not recommend an order for restitution.

**II. BACKGROUND**

On July 26, 2017, defendant pleaded guilty to Count Five of the Indictment, charging him with mail fraud, in violation of 18 U.S.C. § 1341. (PSR ¶ 3.) In his plea agreement, defendant admitted the following facts:

> Beginning in at least June 2006, defendant was President and owner of a telemarketing business under the name of G.K. Ventures, Inc., DBA Supply Management Center in Orange County, within the Central District of California. Supply Management Center sold toner for printers and copiers by cold-calling businesses across the United States. During the sales calls, prospective customers were led to believe they were speaking with their normal supplier of toner. Prospective customers were told there had been a price increase for toner, but if an order was placed that day, the lower price could be locked in. Supply Management Center was not the prospective customers' regular supplier of toner, and the claimed price increase for toner was not true. In fact, customers were charged up to ten times the retail price for toner.

1

On or about June 20, 2006, defendant, as President of G.K. Ventures, Inc., DBA Supply Management Center, and co-defendant Gilbert N. Michaels, as President of G.N.M. Financial Services, Inc., DBA IDCSERVCO, signed an agreement in which IDCSERVCO provided shipping and fulfillment services for Specialty Business Center. IDCSERVCO billed customers for the toner, and customers mailed payments for the toner to IDCSERVCO. Customers also sent complaints to IDCSRVCO regarding the fraudulent sales practices. In many cases, co-defendant Michaels had the final say in how complaints were resolved. IDCSERVCO paid defendant a percentage on the sales of toner, after withholding a portion in reserve for returns and chargebacks. IDCSERVCO provided Specialty Business Center catalogs containing the maximum prices that co-defendant Michaels would allow various types of toner to be sold for. In some instances, prices were ten times the retail price of toner sold on-line and at office supply stores. In addition, co-defendant Michaels assisted defendant in obtaining a bond required by the State of California for all telemarketing businesses, and provided cash advances to defendant to help him meet payroll and other expenses.

In furtherance of the scheme, on or about May 17, 2012, defendant caused, and aided and abetted, the mailing of check no. 220379 in the amount of $897.75 from victim City of Gainesville in Gainesville, Georgia, to IDCSERVCO for the purchase of toner. In so doing, defendant acted with the intent to defraud.

(ECF 387, Plea Agreement ¶ 15.)

**III. GUIDELINES CALCULATIONS**

The government calculates the Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a) |
| Specific Offense Characteristics | | |
| Loss > $250,000 < $550,000: | 12 | U.S.S.G. § 2B1.1(b)2)(G) |
| More than 10 victims: | 2 | U.S.S.G. § 2B1.1(b)(2)(A) |

The government agreed not to seek additional specific offense characteristics, adjustments, or upward departures. Defendant reserved the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

It is not possible to precisely determine loss in this case, which spanned decades and involved thousands of victims. It is for this reason the government does not believe restitution is practical in this case. However, in accordance with the plea agreement, the government urges the Court to apply a 12-level loss adjustment corresponding to a loss no greater than $550,000. (Plea Agreement ¶ 17.) After a 3-level reduction for acceptance of responsibility, the resulting offense level is 18. As set forth below, the government moves for an 8-level downward departure based on defendant's substantial assistance, which included his testimony at trial.

Probation has determined that defendant is in criminal history category I. (PSR ¶ 101.) The government agrees with Probation's calculation. The resulting sentencing range for an offense level 18 and criminal history category I is 6-12 months.

Probation also recommends a $15,000 fine. (ECF 1345, Rec. ltr. at 1.) The government believes 200 hours of community service will provide a greater benefit to society than payment of a fine.

Defendant is subject to an additional five years in prison because the crime involved telemarketing. 18 U.S.C. § 2326. For the reasons discussed below, the government believes a sentence of time served satisfies the sentencing goals of 18 U.S.C. § 3353, taking into account defendant's substantial assistance to the government and defendant's history and characteristics.

**IV. GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE**

Pursuant to U.S.S.G. § 5K1.1, upon motion of the government, the Court may depart from a guideline sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate offense level reduction where a defendant provides such assistance. The government believes defendant has satisfied the criteria set forth in the guidelines, and, in recognition of that substantial assistance, moves for a downward departure of 8 levels.

Defendant entered into a cooperation plea agreement with the government in July 2017, more than two years before trial. Defendant proffered with the government and testified at trial. The government found defendant's information to be truthful, accurate, and complete. The government does not believe defendant faced any credible threat as a result of his cooperation. However, the government views his testimony, as well as that of the other sales room owners who testified and who received the same or similar departure

recommendations from the government, as critical evidence in the case.

In sum, defendant's cooperation was useful and timely. Defendant's testimony contributed significantly to the guilty verdicts against the defendants who proceeded to trial in this case. Accordingly, the government recommends an 8-level departure under Section 5K1.1.

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

If the Court grants the government's requested 8-level downward departure, it will result in an offense level of 10 and a sentencing range 10-16 months in Zone B.  The government recommends a sentence of time served, 200 hours of community service, and two years of supervised release under the terms and conditions recommended by Probation.

The government's recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct and his history and characteristics.

The government is mindful that the offense in this case was serious.  However, the government believes it was the willingness of the sales room owners to testify that finally put a halt to a conspiracy the plagued small businesses and charities for decades. Civil suits, including suits by the FTC and various state Attorneys General, did not stop the scheme.  It was only the criminal convictions in this case that finally did so.  The testimony of defendant and the other sales rooms owners was, in the government's

view, critical evidence in reaching that goal.  Balancing the seriousness of the offense against the value of defendant's cooperation and the sentences in this case thus far, the government believes a sentence of time served, community service, and supervised release accounts for the seriousness of the offense, provide for a just punishment, and avoids sentencing disparity.

With respect to deterrence, the government does not believe defendant will reoffend.  As to general deterrence, the government believes the custodial sentences imposed thus far by the Court for defendants who proceeded to trial further that goal.

The government also believes the recommended sentence is consistent with sentences already imposed in this case, and with the recommendations the government is making for the remaining defendants.  In particular, defendant Cadena, who owned a sales room, agreed to cooperate but did not testify, received a sentence of 8 months in custody.  Her loss was more than $3 million, far greater than the loss imputed to defendant.  Defendant Williams, who did not own a sales room but managed rooms for other owners and trained employees to use the deceptive pitch, was convicted at trial and received no jail time.  The government believes defendant, given his testimony at trial, should not serve a longer sentence than a non-testifying cooperator or a trial defendant, even if the trial defendant was not a sales room owner.

**VI.  CONCLUSION**

Based on the foregoing, the government recommends that this Court sentence defendant to a sentence of time served, 200 hours of

6

community service, and a two-year term of supervised release with the terms and conditions recommended by the USPO.